IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JIMMY ESLINGER,                                                                                  PLAINTIFF

vs.                                            Case No. 6:01-cv-6057

MICHAEL J. ASTRUE,[1]
Commissioner, Social Security Administration                                            DEFENDANT

## MEMORANDUM ORDER

Pending now before this Court is the Plaintiff's Motion for Attorney's Fees brought pursuant to 42 U.S.C. § 406(b) (2004), a memorandum brief in support of this motion for attorney's fees, and an affidavit from the Plaintiff's attorney, Shannon Muse Carroll. (Doc. No. 22-24).[2] This motion and the supporting documents were filed on June 8, 2007. The Commissioner of the Social Security Administration (Commissioner) responded on June 15, 2007. (Doc. No. 25). This matter is ready for decision.

**Background:**

Plaintiff appealed to this Court from the Commissioner's denial of disability insurance benefits (DIB) and supplemental security income (SSI). (Doc. No. 1). The Honorable Bobby E. Shepherd entered a Judgment on March 13, 2002 reversing the decision of the Administrative Law Judge (ALJ) and remanded the matter for further consideration. (Doc. No. 16). On December 11, 2006, the Commissioner entered a decision fully favorable to the Plaintiff. (Doc. No. 23-2).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commis-sioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

The Plaintiff was awarded a total of $36,068.25 in past-due benefits. (Doc. No. 23-4). The Plaintiff's attorney states the Commissioner has withheld $12,022.75 for the payment of attorney's fees. (Doc. No. 23-1). The Plaintiff's attorney states this amount constitutes 25 percent of past-due benefits awarded to Plaintiff. (Doc. No. 23-1). The Plaintiff's attorney seeks this amount for 39.25 hours she asserts were devoted to the representation of Plaintiff. (Doc. No. 23-4). An award of $12,022.75 for 39.25 hours would represent a total of $306.31 per hour.

The Plaintiff's attorney has also filed her contingency fee agreement with Plaintiff reflecting a 25 percent contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 23-2). The Defendant does not oppose this request for fees, Plaintiff's attorney's hourly rate, or the amount of fees requested. (Doc. No. 25). The Defendant does request Plaintiff's attorney refund the prior EAJA award of attorney fees. Plaintiff was awarded fees under the EAJA of $1906.25. (Doc. No. 21). Plaintiff's attorney has agreed to this refund of fees. (Doc. No. 23-1).

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the past-due DIB. *See Id.* Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the

administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *See id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees in Section 406(b) cases. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *See id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

**Discussion:**

The Plaintiff's attorney asserts that she has spent 39.25 hours in the representation of Plaintiff. (Doc. No. 23-4). The contingency fee agreement between Plaintiff and Plaintiff's attorney reflects Plaintiff agreed to pay his attorney 25 percent of the past-due benefits awarded if a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal

Court." (Doc. No. 23-2). Twenty-five percent of the Plaintiff's past-due DIB is $12,022.75. This total, divided by 39.75 hours, equals $306.31 per hour.

This Court finds that $306.31 per hour is a reasonable hourly rate. The Plaintiff and the Plaintiff's attorney entered into a 25 percent contingency agreement. (Doc. No. 23-2). Based upon that agreement and the past-due DIB that have been awarded to the Plaintiff, the Plaintiff's attorney is to receive $306.31 per hour. The Plaintiff's attorney's regular hourly rate is $250 per hour. (Doc. No. 23-1). The Plaintiff's attorney has been practicing social security law for more than fourteen years and one-half of her practice involves social security practice. *See id.* The fees customarily charged in the locality of the Plaintiff's attorney range from $150 per hour to $350 per hour. *See id.* Accordingly, based upon this information, this Court awards attorney's fees pursuant to the contingency fee agreement and finds that the Plaintiff's attorney's hourly rate is reasonable. *See Gisbrecht,* 535 U.S. at 793.

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $12,022.75 which represents 39.25 hours at an hourly rate of $306.31. The Plaintiff's attorney will refund the earlier EAJA award of attorneys in the amount of $1906.25 to the Social Security Administration . The Plaintiff's attorney will not seek any additional fee from the Social Security Administration for work performed on this matter.

**IT IS SO ORDERED** this **28th day of June, 2007.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE